[Civ. No. 20157.   First Dist., Div. Three.   May 3, 1962.]

IVAN E. SHUSTER, Plaintiff and Appellant, v. THEO-
DORE ALFRED WEEKS, Defendant and Respondent.

D. E. Cavileer, DeMeo & DeMeo and John F. DeMeo for
Plaintiff and Appellant.

Spridgen, Moskowitz, Barrett & Achor and R. W. Achor for
Defendant and Respondent.

DRAPER, P. J.—Judgment was entered upon jury verdict
in favor of defendant in this personal injury action. Plaintiff
appeals on a settled statement and partial transcript. He contends that the trial court erred in giving an instruction on
imminent peril, and in refusing one on last clear chance.

Plaintiff was walking across Occidental Road when struck.
Defendant had driven his pickup truck north along Gravenstein Highway and made a 90-degree left turn into Occidental.
He testified that he was traveling 15 to 20 miles per hour
when he first saw plaintiff. Plaintiff neither heard nor saw
any automobile before he was struck, and has no recollection
of what occurred after impact. There is no direct evidence
fixing the point of impact, but it could have been no farther
west than the place where defendant's vehicle came to a stop.
This was 45 feet west of the stop line marking the edge of
Gravenstein Highway. Defendant variously testified that
plaintiff was 3 to 20 feet away when defendant first saw him.
He also testified that he first saw plaintiff when defendant
straightened his truck after completing the turn into Occidental. He applied his brakes when he first saw plaintiff.
Skid marks 21 feet in length from the right wheels and 9 feet
from the left wheels were laid down by defendant's vehicle.

At defendant's request, the court gave the standard
instruction on imminent peril (B.A.J.I. 137). Appellant
argues, in part, that the instruction was erroneous because it
gave defendant the benefit of the imminent peril doctrine even
if his own negligence caused the emergency. This claim is
without basis. The instruction by its terms applies only to
one "who without negligence on his part," is suddenly and
unexpectedly confronted with peril. Moreover, at plaintiff's

request, the jury was specifically told that "a defendant cannot shield himself behind an emergency created by his own negligence," and this admonition was twice repeated in somewhat different phrasing. Plaintiff also asserts that the facts do not warrant the instruction. His argument seems to be that, if one statement of defendant is accepted he had too little time to permit any alternative action, and that under a view of the facts based on inference he had too much time to permit the peril to be deemed sudden or unexpected. Aside from the inconsistency of these arguments, we are satisfied that a reasonable view of the evidence warranted the instruction.

Plaintiff's principal attack is upon the refusal to instruct on last clear chance. He seems to argue that evidence which warrants instruction on imminent peril necessarily requires instruction on last clear chance. This contention is contrary to authority (*Rodabaugh* v. *Tekus,* 39 Cal.2d 290, 296 [246 P.2d 663]).

Whether the instruction should have been given turns on the evidence which, for this purpose, must be viewed in the light most favorable to plaintiff (*Bonebrake* v. *McCormick,* 35 Cal.2d 16, 19 [215 P.2d 728]). The instruction must be given if the record, so viewed, warrants a reasonable inference that defendant (1) had actual knowledge of plaintiff's position of danger, (2) had actual or constructive knowledge that plaintiff could not escape from such situation, and (3) after that time had a last clear chance to avoid the accident by exercising ordinary care (*Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729 [306 P.2d 432]). "[T]he time element is the all important factor", and the doctrine is to be applied only when there is substantial evidence to establish it (*Brandelius* v. *City & County of San Francisco, supra,* p. 738).

Plaintiff's argument seems to be that since defendant's right wheels left 21 feet of skid marks, it is reasonably inferable that defendant saw plaintiff in time to have a clear opportunity, by the exercise of ordinary care, to avoid the accident. This argument is difficult to follow. It attempts to draw from evidence that defendant applied his brakes violently and promptly, the normal means of avoiding collision, an inference that time allowed a clear opportunity to do something else effectively. Defendant testified that he tried to turn his car and that he did not have time to do so. A highway patrol officer testified that the skid marks were not

straight but "veered off," thus indicating some effort to swerve. The utmost plaintiff can make of the length of the skid marks is that, allowing some reaction time from defendant's first sight of plaintiff to the taking hold of the brakes, defendant was some 36 feet away from plaintiff when he first saw him.

Upon careful review of the record before us, we cannot say that these inferences warrant the conclusion that defendant had a clear opportunity, by the exercise of ordinary care, to avoid striking plaintiff. The trial judge, who heard all the evidence, determined that it did not warrant instruction on last clear chance. He reaffirmed this view on motion for new trial. We find no basis for disagreement.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.